UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD ALEX, | : | CIVIL NO. 1:CV-01-0916 |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Smyser) |
| JAKE MENDEZ, Warden, | : | |
| Respondent | : | |

FILED
HARRISBURG, PA

JUN 0 4 2001

MARY E. D'ANDREA, CLERK
PER_____/DEPUTY CLERK

### REPORT AND RECOMMENDATION

On April 5, 2001, the petitioner, a federal prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California. The case was subsequently transferred to this court.

The petitioner was convicted by the United States District Court for the Central District of California of Bank Robbery in violation of 18 U.S.C. § 2113. The petitioner was sentenced to a term of imprisonment for 300 months.

In the instant petition, the petitioner claims that his conviction violated his constitutional rights because the FBI

obtained his confession, which was admitted at trial, before giving him Miranda warnings.

28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> . . . .
>
> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The petitioner's claims are the type of claims that should be brought by way of a §2255 motion in the district court of conviction.

To be able to bring a § 2241 petition for a writ of habeas corpus, the petitioner must establish that he satisfies

2

the safety-valve language of § 2255, i.e. that the remedy by a § 2255 motion is inadequate or ineffective to test the legality of his detention. The safety-valve language in § 2255 has been strictly construed. *See Application of Galante*, 437 F.2d 1164, 1165-66 (3d Cir. 1971)(unfavorable legal standards prevailing in circuit where sentencing court located does not render § 2255 remedy inadequate or ineffective); *Millan-Diaz v. Parker*, 444 F.2d 95, 97 (3d Cir. 1971)(doubts about the administration of a § 2255 motion in a particular case do not make the remedy inadequate or ineffective); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)(even if the sentencing court incorrectly disposes of a proper motion under § 2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition). A motion under § 2255 is inadequate or ineffective only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" *Galante, supra*, 437 F.2d at 1165 (quoting *Leguillou, supra*, 212 F.2d at 684). A prior unsuccessful § 2255 motion filed in the sentencing court is insufficient in and of itself to show that a § 2255 motion is inadequate or ineffective. *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966)(sentencing court's

3

prior denial of identical claims does not render § 2255 remedy inadequate or ineffective); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)(denial of prior § 2255 motion does not show that § 2255 is an inadequate remedy). "It is the inefficacy of the remedy, not a personal inability to utilize it that is determinative . . . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 993 (1986).

Even though the petitioner may have filed a prior § 2255 motion and he may now be barred from filing any successive § 2255 motions, he has not established that the remedy by a § 2255 motion is inadequate or ineffective to test the legality of his detention.

In *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), the Third Circuit addressed the issue of when a prisoner may bring a § 2241 habeas petition after being denied leave to file a successive § 2255 motion. *Dorsainvil* involved a prisoner who sought to bring a successive § 2255 motion on the basis of the United States Supreme Court's decision in *Bailey v. United States*, 116 S.Ct. 501 (1995). In *Bailey* the Court held that a defendant may not be convicted of using a firearm under 18 U.S.C. § 924(c) unless the government proves that the defendant

4

"actively employed the firearm during and in relation to the predicate crime." After the *Bailey* decision the petitioner in *Dorsainvil* filed an application to file a successive § 2255 motion claiming that on the basis of *Bailey* he was imprisoned for conduct that the Supreme Court had determined is not illegal. The Third Circuit held that a prisoner who was convicted and filed his first § 2255 motion before the *Bailey* decision may not file a second § 2255 motion based on *Bailey* because the second motion does not meet the stringent requirements created by the Antiterrorism and Effective Death Penalty Act for filing a second § 2255 motion. *Id.* at 248. The Third Circuit went on to indicate that although a prisoner may not file a second § 2255 motion based on *Bailey* he may file a 28 U.S.C. § 2241 habeas corpus petition. *Id.* at 251. However, the Third Circuit cautioned that:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255. However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively -

5

is hardly likely to undermine the gatekeeping provisions of § 2255.

119 F.3d at 251.

In the instant case, the petitioner is not in a position similar to the petitioner in *Dorsainvil*. The petitioner is not claiming that an intervening change in the substantive law leads to the conclusion that he was convicted of conduct which is no longer considered criminal.

The petitioner may not present his claims regarding his confession in a § 2241 petition for a writ of habeas corpus. Accordingly, it will be recommended that the petition be dismissed.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed and that the case file be closed.

J. Andrew Smyser
Magistrate Judge

Dated: June 4, 2001.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD ALEX, | : | CIVIL NO. 1:CV-01-0916 |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Smyser) |
| JAKE MENDEZ, Warden, | : | |
| Respondent | : | |

**NOTICE**

FILED
HARRISBURG, PA

JUN 0 4 2001

MARY E. D'ANDREA, CLERK
PER _____
DEPUTY CLERK

    Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

J. Andrew Smyser
Magistrate Judge

Dated: June 4, 2001.

AO 72A
(Rev 8/82)

06/04/01  13:18 FAX 5702075650      USDC MDPA Clerks Office                    ☒046

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

June 4, 2001

Re:  1:01-cv-00916   Alex v. Mendez

True and correct copies of the attached were mailed by the clerk to the following:

Ronald Alex
USP-ALLENWOOD
Maximum Security Correct. Inst.
70908-012
P.O. Box 3000
White Deer, PA  17887

cc:
Judge                             ( )         ( ) Pro Se Law Clerk
Magistrate Judge                  ( )         ( ) INS
U.S. Marshal                      ( )         ( ) Jury Clerk
Probation                         ( )
U.S. Attorney                     ( )
Atty. for Deft.                   ( )
Defendant                         ( )
Warden                            ( )
Bureau of Prisons                 ( )
Ct Reporter                       ( )
Ctroom Deputy                     ( )
Orig-Security                     ( )
Federal Public Defender           ( )    with N/C attached to complt. and served by:
Summons Issued                    ( )    U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5               ( )    with Petition attached & mailed certified m
Order to Show Cause               ( )    to:  US Atty Gen   ( )    PA Atty Gen  ( )
                                              DA of County  ( )    Respondents  ( )

Bankruptcy Court                  ( )
Other _____                   ( )                      MARY E. D'ANDREA, C

                                                        BY: _____
DATE:  6/4/01                                               Deputy Clerk